## Seborn Haines v. Cox Brothers.

1. STATUTE OF FRAUDS—*Promise to Answer for the Debt of Another Must be in Writing.*—No action shall be brought whereby to charge the defendant upon any special promise to answer for the debt of another person unless the promise upon which such action shall be brought shall be in writing and signed by the person to be charged therewith.

Appeal from the Circuit Court of Fulton County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

O'HERN & O'HERN and M. P. RICE, attorneys for appellant.

No action shall be brought whereby to charge the defendant upon any special promise to answer for the debt of another person, unless the promise upon which such action shall be brought shall be in writing, and signed by the party to be charged therewith. Revised Statutes of Ill., Ch. 59, Sec. 1; Ingraham v. Strong, 41 Ill. App. 46; Bacharach vι McCurrach, 43 Ill. App. 584; Waterman v. Resseter, 45 Ill. App. 155; Tanquary v. Walker, 47 Ill. App. 451.

Promise to pay the debt of another, made after the debt was incurred, is within the statute. Denton v. Jackson, 106 Ill. 433.

The common law requires that the promise to pay the debt of another, to be valid, must be upon a sufficient consideration, and this section requires the same to be in writing. Where the collateral promise is subsequent to the creation of the principal contract or debt, the collateral promise must not only be founded on a new consideration, but it must also be in writing. Eddy v. Roberts, 17 Ill. 505; Bacharach v. McCurrach, 43 Ill. App. 584.

EDWARDS & BOYD, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellees, in a suit against appellant before a justice of the peace, on an open account for merchandise, recovered a judgment of $32.51. Appellant prosecuted an appeal to the Circuit Court, where a trial by jury resulted in a verdict and judgment against him for $36.65 and costs. Pending the trial before the justice, appellant made a tender of $25.65 for the debt, together with $14.60 additional for costs up to that time. It was refused upon the ground that it was not sufficient. The account sued on covers items from April 18, 1896, to March 6, 1901, amounting to $25.65, an item of $7.25 balance of an account against Jesse Huff, which was transferred to appellant's account on appellant's promise to pay it, also an item of $4.32 for interest.

The evidence shows that the account of $25.65 was correct, and that appellees were entitled to interest on $21 of it

to the amount of about $4. As to the item of $7.25, however, the evidence was insufficient to make the charge against appellant. It was a debt contracted by Jesse Huff, a hired man of appellant, for which appellees took Huff's note and a chattel mortgage. Appellees claim that appellant afterward promised to pay it and directed it to be charged against him. It is not pretended that the promise was in writing. It was voidable under the statute of frauds. The jury included it in their verdict against the evidence and the instructions of the court. Since the filing of the record in this court, however, appellees have entered a remittitur of $7.25. The judgment will therefore be affirmed to the extent of $29.40, with judgment against appellees for the costs of this court.